IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                    Case No. 23-10078-05-JWB

WAYNE TURNER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's appeal of the magistrate judge's order reinstating bond, and its motion for detention. (Doc. 77.) The court held a hearing on March 28, 2024. For the reasons stated herein and on the record during the hearing, the government's motion for detention (Doc. 77) is GRANTED and the magistrate judge's order modifying conditions of release (Doc. 76) is REVOKED.

**I.  Facts and Procedural History**

On December 19, 2023, a superseding indictment was returned by the grand jury charging Defendant with conspiracy to distribute fentanyl in violation of 21 U.S.C. § 846, use of a telephone to facilitate drug trafficking in violation of 21 U.S.C. § 843(b), attempt to commit possession with intent to distribute fentanyl, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 52.) On August 21, 2023, Magistrate Judge Birzer conducted a detention hearing after Defendant was charged in the original indictment. (Doc. 30.) The government agreed with the probation officer's recommendation to release Defendant on conditions. (*Id.*) Defendant was released on bond with supervision in the Western District of Oklahoma.

1

On February 2, 2024, Magistrate Judge Birzer issued a warrant for Defendant's arrest based on a petition for action on conditions of pretrial release. (Doc. 73.) According to the petition, Defendant submitted positive drug tests for fentanyl on five dates in August and September which violated the condition relating to drug use or possession. Defendant also failed to attend outpatient substance abuse counseling on three occasions. On January 16, 2024, Defendant reported for substance abuse counseling. Mark McCloskey, Defendant's supervising probation officer in Oklahoma, detected an odor of alcohol while speaking to Defendant and collected a breath sample which registered 0.16% alcohol. (*Id.*) This allegation violated his bond condition which prohibited Defendant from the excessive use of alcohol.

At the hearing on Defendant's bond violations, the government moved to revoke Defendant's bond. Defendant admitted to the violations in the petition. (Doc. 81.) Magistrate Judge Severson found that Defendant violated his conditions of bond as set forth in the petition. (Doc. 76.) The government's motion to revoke was denied, however, and the court modified the conditions of release to add an additional condition that Defendant abstain from the use of alcohol. (*Id.*) The government has now filed an appeal of that order and asks the court to revoke Defendant's bond. In support of the motion, the government offers an exhibit that it did not have at the hearing, but which indicates that Defendant drove to his substance abuse counseling on January 16 while he was under the influence of alcohol. (Doc. 77 at 6.) The government asserts that Defendant's actions in driving while intoxicated is a crime under Oklahoma law and, therefore, he further violated the conditions of his bond.

At the hearing before the undersigned, Defendant again stipulated to violating the bond conditions as stated in the petition. Defendant, however, did not admit to the new allegation that he was driving while intoxicated prior to drug treatment class. The government proceeded with

2

evidence on the new violation and United States Probation Officer Jason Jordan testified as to this violation. Jordan spoke to Officer McCloskey about his interaction with Defendant on January 16, 2024. On that date, Defendant reported to group substance abuse counseling. A counselor contacted Officer McCloskey because Defendant's behavior was concerning and the counselor believed that Defendant was intoxicated. Officer McCloskey went to the treatment center and talked to Defendant. He could detect a strong odor of alcohol coming from Defendant. Officer McCloskey then had Defendant submit a breath sample into a portable breath analyzer. The machine had been recently calibrated and only been in use for six months. The machine returned a positive result at .16% BrAC. Defendant admitted to Officer McCloskey that he had drank one pint of alcohol several hours earlier and driven to group treatment. After treatment, Defendant obtained a ride home and his vehicle was picked up by another individual. Defendant declined to testify at the hearing.

**II.     Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id*.

Under 18 U.S.C. § 3148, the government may move for revocation of release based on a violation of bond conditions. The court is to conduct a hearing and "shall enter an order of revocation and detention if, after a hearing, the judicial officer--

(1) finds that there is--
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>   (2) finds that--
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>   If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

*Id.*

The factors to consider under § 3142(g) require the court to take into account the available information concerning

>   (1) The nature and circumstances of the offense charged;
>
>   (2) the weight of the evidence against the person;
>
>   (3) the history and characteristics of the person; and
>
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

**III.   Analysis**

The court must first determine whether there is probable cause to believe Defendant committed a crime while on release or whether there is clear and convincing evidence that Defendant violated the conditions of his release. 18 U.S.C. § 3148(b)(1). Both are met here. First, Defendant stipulated to violating the conditions of his release as set forth in the petition. Therefore, based on those stipulations, there is clear and convincing evidence he violated his bond conditions.

Next, the court also finds that there is probable cause to believe Defendant committed a crime while on release. Under Oklahoma law, it is a crime to drive or operate a vehicle on public roads while under the influence of alcohol. Okla. Stat. tit. 47 § 11-902. Based on the evidence at the hearing, Defendant operated his vehicle to drive to substance abuse treatment. Defendant's counselor called the probation officer because the counselor believed that Defendant was intoxicated. The probation officer smelled a strong odor of alcohol coming from Defendant and Defendant admitted to drinking a pint of alcohol. A portable device also indicated that Defendant's blood alcohol content was .16%. Although Defendant argues that the device's reading is not reliable, the other evidence including Defendant's admission is sufficient to find that there is probable cause that Defendant violated Oklahoma law by driving while under the influence of alcohol.

The court now turns to consideration of the factors set forth in § 3142(g). *See* § 3148(b)(2)(A).

Nature and Circumstances of the Offense. Defendant is charged in a superseding indictment along with four other individuals with crimes involving a conspiracy to distribute fentanyl, use of a telephone to facilitate drug trafficking, attempt to commit possession with intent to distribute fentanyl, and possession of a firearm in furtherance of a drug trafficking. These are serious offenses. *See* § 3142(g)(1) (when considering the nature and circumstances of the offense charged, the court should consider whether the crime involves controlled substances or firearms; this case involves both). The drug conspiracy count exposes Defendant to imprisonment for a minimum of ten years and up to life. *See* 21 U.S.C. §§ 841b(1)(A); 846. The firearms charge exposes him to an additional penalty of five years to life. *See* 18 U.S.C. § 924(c)(1)(A)(i). This factor weighs in favor of detention.

<u>Weight of the Evidence.</u>  Next, the court is to consider the weight of the evidence. According to the proffer at the hearing, the government has evidence of communications with co-conspirators regarding drug transactions.  Defendant was then arrested when he was going to a drug transaction.  At the time of the arrest, Defendant was in possession of drugs and a gun.  Based on this proffer, the weight of the evidence is strong.  Therefore, this factor weighs in favor of detention.

<u>History and Characteristics of Defendant.</u>  Defendant is from the Wichita area.  He has a long-time partner and five children.  Defendant had been living in Oklahoma with his partner and their children while on bond.  He has not had any failures to appear for court proceedings during this case.  He has some criminal history involving possession of drugs and traffic infractions.  The court finds that his ties to the area and limited criminal history do not support a finding that he is likely to flee.  His bond violations and use of substances, however, show that he is not amenable to supervision.

Overall, his history and characteristics are neutral or weighed in favor of release.  However, the substance abuse issues and alcohol weigh in favor of detention.

<u>Danger to the Community.</u>  The court is required to order the pretrial release of a person subject to conditions unless the court determines that such release will endanger the safety of any other person or the community.  *See* 18 U.S.C. § 3142(b).  "The concern about safety is to be given a broader construction than the mere danger of physical violence.  Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community."  *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).  Here, Defendant's repeated violations of bond due to substance abuse illustrate that he is a danger to the community.

While Defendant argued at the hearing that driving under the influence is not a serious crime and can result in little penalties, the court disagrees with Defendant's characterization of the crime. Driving under the influence of a substance poses serious risks for those around the driver. Defendant has demonstrated that he has problems with substances and, although he is getting treatment, he made the decision to drive while under the influence of alcohol.  The court finds that he is a danger to the community in that he may continue to use substances and operate a vehicle. Based on Defendant's performance on bond, the court finds that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.  § 3148(b)(2)(A).

Alternatively, the court finds that Defendant must be detained because he is unlikely to abide by any condition or combination of conditions of release based on his performance on bond in this matter.  § 3148(b)(2)(B).

## IV.     Conclusion

The magistrate judge's order of release previously entered (Doc. 76) is accordingly REVOKED and the government's motion for detention (Doc. 77) is GRANTED.

Defendant Wayne Turner is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.  Dated this 29th day of March 2024.

               s/ John W. Broomes
               JOHN W. BROOMES
               UNITED STATES DISTRICT JUDGE